UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRY LOUIS BOSS, II** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-7290-CJB-SS** |
| **MICHAEL J. ASTRUE,**<br>**COMMISSIONER OF SOCIAL**<br>**SECURITY ADMINISTRATION** | |

**REPORT AND RECOMMENDATION**

The plaintiff, Henry Louis Boss, II ("Boss"), seeks judicial review, pursuant to Section 405(g) of the Social Security Act (the "Act"), of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits and a period of disability under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, and his claim for supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1382(a)(3). Rec. doc. 1. For the reasons described below, it is recommended that Boss' complaint be dismissed with prejudice.

**PROCEDURAL HISTORY**

On July 18, 2010, Boss submitted applications for benefits. He alleged that his disability began on January 1, 2006. R. 58-67. He reported that he felt like he was going to pass out because it was hard to breathe. He described heart problems, high blood pressure, arthritis in his hands and back problems. R. 91. On August 21, 2008, the Commissioner denied the applications. R. 34-37. There was a hearing before an Administrative Law Judge ("ALJ") on January 22, 2009 with testimony from Boss and a vocational expert. R. 18-30. Boss was not represented at the hearing. On March 12, 2009, the ALJ issued an unfavorable decision with the following findings:

1. Boss met the insured status requirements of the Act through at least December 31, 2012.

2. Boss engaged in post-onset substantial gainful activity for a portion of the period under evaluation (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. Boss had the following severe impairments: obesity; hypertension  (20 CFR 404.1521 et seq., and 416.921 et seq.; <u>Stone v. Heckler</u>, 752 F.2d 1099 (5th Cir. 1985) and SSR 96-3p).

4. Boss did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

5. Boss had the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c).

6. Boss was capable of performing past relevant work as a cashier, mechanic and parking control officer.  This work did not require the performance of work-related activities precluded by Boss' residual functional capacity (20 CFR 404.1565 and 416.965).

7. Boss was not under a disability, as defined in the Act, from January 1, 2006, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

R. 11-16.  The Appeals Council denied Boss' request for review and gave him until November 16, 2009 to file a complaint.  R. 1-4.

On November 9, 2009, Boss filed a complaint for review of the Commissioner's decision. He is proceeding in proper person and was granted leave to proceed *in forma pauperis*.  R. 3.  On February 17, 2010, the Commissioner filed an answer and the record of the administrative proceedings.  Rec. docs. 14 and 15.  Boss was ordered to file a motion for summary judgment by March 24, 2010 (Rec. doc. 13), but he did not do so.  He was given a further deadline of June 15, 2010 within which to file his motion for summary judgment in a particular form.  He was cautioned that the failure to comply with the order may result in the dismissal of his action.  Rec. doc. 16.

On May 24, 2010, Boss filed a one page document captioned "motion in progress."  It contained only the following:

> I Henry Boss challenge social security in proceeding for disbursement, compensation and expense, due to my medical conditions, involving heart failure and diabetes. I have no recommendation on my behalf of respect to this unlawful aspect of procedures due to this process. If decision made by social security is denied I Henry Boss will like to proceed in Supreme Court herein and thereafter. Order returned.

Rec. doc. 17. Boss did not file a motion for summary judgment. The deadline for the Commissioner to file a cross-motion for summary judgment was continued without date. Rec. doc. 18.

<u>Issue no. 1.</u>   Should Boss' complaint be dismissed for failure to prosecute and comply with the orders of the court?

The authority of a federal trial court to dismiss a plaintiff's action because of his failure to prosecute is clear. <u>See</u> <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. <u>Larson v. Scott</u>, 157 F.3d 1030, 1032 (5th Cir. 1998). A Rule 41(b) dismissal is considered to be an adjudication on the merits. <u>Edwards v. City of Houston</u>, 78 F.3d 983, 994 (5th Cir. 1996). The court's power to dismiss for want of prosecution should be used sparingly. <u>See</u> <u>Ramsay v. Bailey</u>, 531 F.2d 706, 707-08 (5th Cir. 1976), <u>cert. denied</u>, 429 U.S. 1107, 97 S. Ct. 1139 (1977). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. <u>Markwell v. County of Bexar</u>, 878 F.2d 899, 902 (5th Cir. 1989).

Boss is not represented. The responsibility for the failure to comply with the court's orders rests exclusively with him. He has not complied with two orders requiring him to file a motion for summary judgment. He has not sought any extensions. The pleading of May 24, 2010 does not explain his failure to comply with these orders. There is a clear record of delay without excuse.

<u>Issue no. 2</u>.   Did the ALJ apply the proper legal standard and is there substantial evidence to support the ALJ's decision that Boss has not been under a disability, as defined in the Act, from January 1, 2006, through the date of the decision, March 12, 2009?

a.   <u>Testimony at the hearing</u>.

At the time of the hearing Boss was 39. R. 22. He lived with his mother. R. 23. He was separated from his wife. R. 23. His two sons were with their mother. R. 23. He graduated from high school. R. 22. After high school he had training for information processing, bartending, beverage management, gambling management, and automotive repair. R. 22. He was laid off in June, 2008 from an automotive repair job. R. 23. He had worked as parking control officer and as a cashier. R. 24.

Boss weighed about 300 pounds. R. 26. In a prior proceeding, the judge told him to lose weight. R. 26. The medication for hypertension irritated him and caused pain in his side. R. 26. He stopped exercising in 1992 and since then he gained weight. R. 26. When asked how he saw his future, Boss replied:

> I was supposed to be retired at 35. That was my, that was my goal. Which, I am not retired at 35. I feel like I am. Because I'm not able to work. I'm not trying to go back to work - -

R. 8.

Boss spent his days watching TV and maybe doing chores. R. 27. If he tried to cut the grass, he became out of breath. R. 27. He tried to walk. R. 28. He experienced pain every day. R. 28. After he was laid off, he worked delivering phone books. This caused some pain. R. 28. Even when he sat he experienced pain if he reached for something. R. 29. If he lifted objects, he experienced shortness of breath. R. 29. His doctors were not able to explain his condition. R. 29.

The vocational expert characterized Boss' prior work as a cashier as medium semiskilled and the work as a parking control officer as light semiskilled work. R. 30.

  b.  <u>Medical records</u>.

  On August 4, 2008, Boss was seen for a consultative examination by Miljana Mandich, M.D., an internist. R. 143. A chest x-ray revealed mild cardiomegaly. There was no evidence of acute pulmonary pathology. R. 139. An electrocardiogram demonstrated a regular sinus rhythm. R. 140 and 146. Dr. Mandich reported that Boss was markedly obese. He was 5'6" and 307 pounds. R. 145. His blood pressure was 142 over 88. Except for his weight and blood pressure, the examination was unremarkable. R. 147. There were no records from the Medical Center of Louisiana. R. 155. A physical residual functional capacity assessment found that Boss could: (1) occasionally lift or carry up to 50 pounds; (2) frequently lift 25 pounds; (3) stand and/or walk for about 6 hours in an 8-hour workday; and (4) sit for 6 hours in an 8-hour workday. No other limitations were found. R. 148-155.

  c.  <u>Analysis</u>.

  Boss contends that he became disabled on January 1, 2006. R. 58. His work activity report revealed that from August 2007 through June 2008, his gross monthly earnings ranged from $1,241 to $2,964. R. 12, 75 and 77. While Boss had hypertension, Dr. Mandich characterized it as mild even in the absence of treatment. R. 147 and 13. The ALJ found that reduction of Boss' residual functional capacity to within the medium range of exertion included full consideration of his hypertension and obesity. R. 14.

  The ALJ found it significant that the alleged onset date of disability, January 1, 2006, did not coincide with a significant medical event and Boss actively engaged in work activity after this date. R. 14. The ALJ also found it significant that there was an absence of medical treatment. R. 14. During the period at issue, Boss did not seek consistent medical treatment and there was no evidence from a treating source provider. R. 15. The ALJ concluded that Boss could perform his

5

past relevant work.  R. 16.

The function of this court on judicial review is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standards in evaluating the evidence. Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005); Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000).  Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971); Perez, 415 F.3d at 461. Alternatively, substantial evidence may be described as that quantum of relevant evidence that a reasonable mind might accept as adequate to support a conclusion.  Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000).  Any findings of fact by the Commissioner that are supported by substantial evidence are conclusive.  Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

The work activity and earnings reports, the report of Dr. Mandich's examination and the absence of any records from a treating provider all provide substantial evidence to support the ALJ's findings.  In addition to Brown's failure to prosecute this action, the record demonstrates that there is substantial evidence to support the ALJ's decision and he applied the appropriate legal standards in evaluating the evidence.  Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000).

### RECOMMENDATION

Accordingly, IT IS RECOMMENDED that the complaint of Henry Louis Boss, II be dismissed with prejudice for failure to prosecute.

### OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and

recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day of September, 2010.

                                        **SALLY SHUSHAN**
                                  **United States Magistrate Judge**